Marvin, J.
The questions raised in this case can, as we think, all be disposed of by disposing of the question of whether the administration granted upon this estate by the probate court of Cuyahoga county, Ohio, was a general administration, or only an ciliary to the administration of the same estate in the state of Michigan.
The transcript from the probate court is very voluminous. On the 21st of October, 1893, an entry was made in that court, in which the court finds that Meswald died in a foreign country, and left assets and property in Cuyahoga county, and that ,he was engaged in a co-partnership business in this county. In the same entry, these words appear: “It is ordered that said John Mitchell, a brother-in-law, be and is hereby appointed administrator on the estate of Albert Meswald, deceased, late of the city of Marine, Michigan.”
It will be observed that in the earlier part of this entry, it is not found that the deceased was not a resident of this state, but only that he died in a foreign country; but the order appointing the administrator, recites that such appointment Is *606 upon the estat) of one now deceased, “late of t':e city of Marine, ■ Michigan, ” which substantially is a finding of the court that Meswald was not at the time of his death a resident of Ohio.
Thereafter, orders, from time to time, were made in that court, and on the 8th of June, 1894, Mitchell having been removed from administration, this entry was made: “W. H. Barris is hereby appointed administrator on the estate of Albert Meswald, deceased, as to all assets of decedent, in this state and county.” Whioh is again a clear recognition of the fact that Meswald was not a resident of Ohio at the time of his death.
On the 22d of January, 1896, an order was made terminating the administration of said W. H. Barris upon this estate, the court finding that all the estate of said decedent in the jurisdiction of this court had been administered upon. At this time certain funds of the estate were in the hands of John Mitchell, the administrator first appointed by the probate court of Cuyahoga county.
On the 23d day of April, 1894, an entry was made in the probate court of this county, finding among other things “That an administrator had been appointed in the countj’’ of St. Clair, state of Michigan, on the estate of the decedent, the county of ■ his residence at the time of his death.” And thereupon the court ordered Mitchell to pay into court the funds still remaining in his hands. In this same finding the court said:
“That the debts and liabilities outstanding in the county of Cuyahoga and state of Ohio, have been determined and satisfied out of said estate.”
Thereafter Mitchell paid such moneys into the hands of the probate court of this county.
On the 2d day of August, 1897, a petition was filed in the probate court of Cuyahoga county, by John Wedow, as administrator of the estate of Sarah Meswald, deceased, claiming that Sarah Meswald was the wife of-the deceased John Meswald; that she survived her husband, and at his death was his only heir-at-law, and, -therefore, entitled to all the estate of said John Meswald, deceased, left for distribution; and praying that the moneys paid into that court by said Mitchell be paid by the court over to him as such administrator of the estate of Sarah Meswald, she having since died.
No appeal was taken from any of the findings of the.probate court that John Meswald was a resident of the state of Michigan at the time of his death, and we understand that such finding was no longer open to question in that court.
Upon the hearing of this petition and of a motion made by Henry Marks, as administrator of the estate of John Meswald, deceased, appointed by the probate court of St. Clair county, Michigan, to have the funds which had been paid by Mitchell into the probate court, paid over to him, the court ordered that the petition of Wedow be dismissed, and that the funds aforesaid be paid to said Marks as administrator as aforesaid.
From this order an appeal to the court of common pleas was taken by John F. Wedow as administrator of the estate of Sarah C. Meswald; and, on the hearing, on the 2d day .of Sep-' tember, 1899, various motions having been heard in the meanwhile, the court dismissed the petition of the. said John F. Wedow, and at the same time dismissed the appeal.
Ooulder, Holding & Hasten, for Plaintiff in Error.
O. C. Finney, for Defendant in Error.
As the probate court had, in earlier orders not appealed from and not reversed, found that Meswald at the time of his death was a resident of Michigan, it would seem that, so far as this proceeding is concerned, this was no longer an open question. Indeed, but for such holding we know of no law which would have authorized the court to require the money, which was in Mitchell’s hands, to be paid over to the court. That was done by virtue of section 6013, Revised Statutes, and, under the same section, the court made the proper order when it directed that the same money be paid to the administrator appointed in Michigan. And there was no error, therefore, in the order ®f the common pleas court dismissing the petition of Wedow.
Without considering the question at all as to whether the order of the probate court was one from which an appeal could be taken, or the question of whether it was properly taken, it is enough to say that since the order of the common pleas court in dismissing the petition of Wedow was the same as that made by the probate court, and since the order of the probate court dismissing such petition and ordering the money paid to the administrator appointed in Michigan, was, as we find, the proper order, the plaintiff in error was not prejudiced by the order dismissing the appeal.
And the judgment of the court of common pleas is affirmed.